IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEVIN GOOSBY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-0180 |
| | § | |
| TIDEWATER MARINE LLC, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This maritime case is before the Court on the Motion for Summary Judgment

("Motion") [Doc. # 19] filed by Defendant Tidewater Marine LLC ("Tidewater").

Plaintiff Kevin Goosby filed a Response [Doc. # 21], and Defendant filed a Reply

[Doc. # 22].  The Court has reviewed the full record in this case.  Based on this review,

and the application of governing legal authorities, the Court grants Defendant's Motion

and dismisses this case with prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In December 2005, Plaintiff filed a lawsuit against Edison Chouest Offshore, Inc.

("ECO"), alleging that he was injured "on or about November 2, 2005" while working

on the COLBY CHOUEST, a vessel owned by ECO.  *See Goosby v. Edison Chouest*

*Offshore, Inc.*, Civil Action No. G-05-689.  In his deposition in that case on June 14,

2006, Plaintiff testified under oath that Shendrick Green ran up to him after he fell and

was injured and that nobody else came up to him "because the guys were busy doing their job." *See* Kevin Goosby Deposition, Exh. I to Motion, pp. 75-76. At a conference in October 2006, the case was dismissed.

On March 31, 2007, represented by different counsel, Plaintiff filed this lawsuit against Tidewater alleging that he was injured in October 2005 while working on an unidentified vessel owned by Tidewater. *See* Complaint [Doc. # 1], ¶ 5. At the time of the alleged injury, Plaintiff was a cleaning technician employed by Production Management Industries ("PMI").

On September 21, 2007, Plaintiff was deposed in this case. Plaintiff testified that he did not remember the exact date of his injury, but that it was not before October 1, 2005, and was not after November 2, 2005. *See* Plaintiff's Deposition, Exh. B to Motion, pp. 61-62. Plaintiff also testified that he did not know the name of the vessel involved in his alleged injury. *See id.* at 62. During his deposition, Plaintiff identified the five people who were working with him on the date of his alleged injury – Hines Estrada, Shendrick Green, Enrique Miranda Perez, Angel Perez, and Jamie Cacho. *See id.* at 84 (giving last names). Kevin Wilson was the crew coordinator. *See* Goosby Depo., Exh. I to Motion, p. 77.

On November 1, 2007, Plaintiff still had not identified the vessel on which he was allegedly injured sometime between October 1, 2005 and November 2, 2005.

Consequently, in the Docket Control Order [Doc. # 17] issued following the status conference held that day, the Court ordered, and Plaintiff's counsel agreed, that "Plaintiff must determine the correct identity of vessel by December 31, 2007." Plaintiff failed to identify the vessel by the December 31, 2007, deadline.

After a full opportunity for discovery, Defendant filed its Motion for Summary Judgment, arguing that Plaintiff had failed to present evidence that a Tidewater vessel was involved in any way in his alleged injury.  The Motion has been fully briefed and is ripe for decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere reliance on the allegations or denials in his pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.,* 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244

F. Supp. 2d 733, 745 (S.D. Tex. 2003).  An unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.  *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

### III.  <u>ANALYSIS</u>

Plaintiff claims that he was injured on an unknown date between October 1, 2005 and November 2, 2005, while working on an unidentified vessel owned by Tidewater.

With reference to the date of his injury, Plaintiff testified in his deposition in this case that the day after the accident he went to the "Family Doctor's Clinic" and was examined by "Dr. Guidry."  *See* Plaintiff's Depo., Exh. B to Motion, pp. 167-68. Dr. Kyle Guidry of the Family Doctor Clinic provided medical records and deposition testimony establishing that Goosby obtained medical treatment on October 27, 2005. *See* Medical Records, Exh. H to Motion; Guidry Deposition, Exh. J to Motion, p. 7. Pursuant to Plaintiff's sworn testimony, this would seem to establish October 26, 2005, as the date of the accident.  The medical records and testimony further show, however, that when he sought medical attention on October 27, 2005, Plaintiff was complaining of "fever, congestion, sore throat, diarrhea and nausea."  *See, e.g.*, Guidry Depo., p. 10.  Plaintiff did not advise Dr. Guidry that he had a sore back or shoulder or that he had injured his back or shoulder recently.  *See id.* at 11-12.  Plaintiff did not tell Dr.

Guidry on October 27, 2005, that he had suffered an on-the-job injury or had fallen recently. *See id.* at 12. At that point, Plaintiff's counsel objected because the questions assumed that the accident occurred before October 27, 2005. *See id.* at 13. In his Response to Defendant's Motion, Plaintiff asserts only that it has been more than two years since the alleged accident and "it is not surprising that Plaintiff's time line contains inconsistencies." *See* Response, p. 2.

With reference to the identity of the vessel, Defendant has presented evidence that no PMI employees worked on any Tidewater vessels between October 1, 2005 and November 2, 2005.[1] *See* PMI Employment Records, Exh. F to Motion; Affidavit of John "Sandy" Duplantier, Exh. G to Motion, p. 1. Neither PMI nor Tidewater records reflect an accident involving a Tidewater vessel during the time period identified by Plaintiff.

In response to Defendant's clear documentary evidence, Plaintiff submitted the affidavit of Patrick Waddle. *See* Waddle Aff., Exh. A to Response. Waddle states that at some time during the Fall of 2005, he saw Plaintiff "laying on the ground in pain at the PMI dock." *See id.*, ¶ 2. Waddle states in his affidavit that Plaintiff "had been

---

[1]     A PMI crew worked on the M/V PRESIDENT TIDE, a Tidewater vessel, on November 3, 2005, after the time period identified by Plaintiff. In response to Defendant's Motion, Plaintiff's counsel states that Plaintiff has never mentioned the M/V PRESIDENT TIDE and that he does not know why Defendant thinks Plaintiff worked on that vessel. *See* Response, p. 2, n. 2.

working on a Tidewater boat that day [and] had not been working on any other boats." *See id.*, ¶ 3.  He states that Plaintiff told him that he had "fallen off the gangway of the boat he was working on."  *See id.*  There is no information in the Waddle affidavit that indicates the affiant has personal knowledge regarding what vessel Goosby had been working on.  Waddle claims to have seen Goosby on the PMI dock, not on the vessel. Waddle was not identified by Plaintiff as one of the people with whom he was working on the date of the incident.  Indeed, Plaintiff testified under oath that Shendrick Green was the only person who came up to him after the alleged fall.  Waddle's statement, unsupported and not based on personal knowledge, that Plaintiff was working on a Tidewater vessel at the time of his alleged injury some time in the Fall of 2005 does not raise a genuine issue of material fact.

After two years, two lawsuits, and substantial discovery, Plaintiff cannot pinpoint the date of his alleged injury other than between October 1, 2005 and November 2, 2005, and cannot identify the vessel on which he was allegedly working at the time. Defendant, however, has presented clear documentary and other evidence establishing that no PMI employees worked on any of Tidewater's vessels during the approximately one month time period identified by Plaintiff.  There is no admissible evidence that contradicts Defendant's evidence, and Defendant is entitled to summary judgment.

IV.    **CONCLUSION AND ORDER**

Plaintiff has failed to present evidence that raises a genuine issue of material fact to support his allegation that he was injured while working on a Tidewater vessel.  As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 19] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.  The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **25th** day of **January, 2008**.

Nancy F. Atlas
United States District Judge